STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BERNET SPANOLIOS and
JAMES SPANOLIOS, her husband,

    Plaintiffs,

vs.

Case No: 25 -         - NO
Hon:

DELTA AIR LINES, INC.,

    Defendant.
_____ /
LEE I. TURNER (P21631)
TURNER & TURNER, P.C.
Attorneys for Plaintiff
1 Towne Square, #1700
Southfield, MI 48076
(248) 355-1727
_____ /

There is no other civil action between these parties arising out of the same occurrence as alleged in this Complaint, nor has any other such action been previously filed and dismissed or transferred after having been assigned to a judge. MCR 2.113(C)(2)(a).

BY:   /s/ *Lee I. Turner*
       LEE I. TURNER (P21631)

## COMPLAINT AND JURY DEMAND

NOW COME the above-named Plaintiffs, by and through their attorneys, TURNER & TURNER, P.C., and in complaining against the above-named Defendant, state unto this Honorable Court as follows:

1.   At all times relevant herein, Plaintiff, BERNET SPANOLIOS, was and is a resident of Tarpon Springs, County of Pinellas, State of Florida.

2.   At all times relevant herein, Plaintiff, JAMES SPANOLIOS, was and is a resident of Tarpon Springs, County of Pinellas, State of Florida.

3. That at all times relevant to this action Defendant, DELTA AIR LINES, INC. (hereinafter referred to as DELTA), was a Delaware corporation, doing business in the County of Wayne, State of Michigan.

4. That the incident giving rise to this cause of action occurred on December 14, 2022, at Detroit Metropolitan Wayne County Airport (hereinafter referred to as Detroit Metro Airport), located in the City of Romulus, County of Wayne, State of Michigan.

5. That Defendant DELTA had possession and/or control of the jet bridge where this incident occurred.

## COUNT I

6. Plaintiff incorporates by reference the allegations of paragraphs 1-4 above.

7. On or about December 14, 2022, Plaintiff, BERNET SPANOLIOS, was a paying passenger on Defendant DELTA's plane, attempting to exit the plane onto Defendant's jet bridge per Defendant's instructions.

8. At all times pertinent to this lawsuit, and particularly on or about December 14, 2022, Plaintiff, BERNET SPANOLIOS, was a business invitee on Delta Flight #2154 arriving in Detroit Metro Airport located in Romulus, Michigan.

9. On or about December 14, 2022, Plaintiff, BERNET SPANOLIOS, was exiting (deplaning) Defendant DELTA's plane when she encountered hazardous, injurious, and/or dangerous conditions including uneven, hidden from view, steel/metal grid trim, causing her to fall and injure herself, as well as other hazardous, injurious, and/or dangerous conditions, including, but not limited to, no warning signs prior to encountering the condition, which allowed her to fall and injure herself.

10. The hazardous condition of the jet bridge, camouflaged with exiting, NOT managed nor controlled passengers, obstructed any visual cues or tactile cues of the uneven jetway, giving rise to a uniquely high likelihood of severe harm to Plaintiff, creating the risk of falling.

Law Offices of
**Turner & Turner, P.C.**
1 Towne Square, #1700
Southfield, MI 48076
**(248) 355-1727**

2

11. The risk of harm to the Plaintiff was unreasonable.

12. Defendant knew, or in the exercise of ordinary care should have known of the condition of the jet bridge and should have realized that it involved an unreasonable risk of harm to an invitee.

13. Defendant knew, or in the exercise of ordinary care should have known that the condition of the jet bridge existed for a sufficient length of time that if Defendant had exercised ordinary care, Defendant would have discovered said condition.

14. Defendant owed a duty to use ordinary care to protect Plaintiff from risks of harm from the condition of the jet bridge.

15. By allowing passengers to exit Delta's plane without managed/supervised or controlled egress, Defendant created the condition that gave rise to Plaintiff's injuries.

16. Defendant knew and/or should have known that its passengers, customers, invitees and other persons regularly had to walk in/on the jet bridge and were subject to injury from improper and/or dangerous conditions.

17. Plaintiff, BERNET SPANOLIOS, was not guilty of negligence nor comparative negligence in the incident of December 14, 2022.

18. Plaintiff had no warning nor knowledge of the existence of the condition of the jet bridge, nor knowledge of the lack of experience and/or training of the Defendant's employees, agents, or servants who were supposed to maintain/manage the jet bridge in a safe manner.

19. The hazardous condition of the jetway was not open and obvious to Plaintiff.

20. Defendant knew, or in the exercise of ordinary care should have known, of the condition of the jet bridge's floor, mandatorily used for egress/exiting of planes, and should have realized that said use involved an unreasonable risk of harm to an invitee.

Law Offices of
**Turner & Turner, P.C.**

1 Towne Square, #1700
Southfield, MI 48076
———
**(248) 355-1727**

3

21. Defendant knew, or in the exercise of ordinary care should have known of the condition of the jet bridge, and should have realized that its customers/patrons/passengers had to encounter the jet bridge in order to exit Defendant Delta's plane, and should have realized that it involved/could involve an unreasonable risk of harm to its passengers.

22. It was the duty of Defendant to provide reasonably safe conditions for business invitees such as Plaintiff and other similarly situated persons, and to exercise due care in the operation, maintenance, and management of the common areas/jet bridges so as to prevent injury to invitees.

23. Defendant had a duty to provide a safe place/safe egress for invitees, such as Plaintiff and others who patronized and were present on its flights.

24. Defendant had a duty to provide a safe egress for its invitees and to exercise due care in the inspection and operation of the jet bridge, so as to prevent injury to its invitees.

25. Defendant had a duty to warn Plaintiff and others of the dangerous conditions which Defendant created, knew or should have known.

26. Defendant had a duty to take reasonable measures upon landing, within a reasonable period of time, to inspect and properly maintain, manage, and supervise its jet bridge and walking area to diminish and/or remove hazards that can cause injury to Plaintiff and others.

27. Defendant had a duty to the Plaintiff to use the ordinary care which a reasonably careful person/business would use under like or similar circumstances.

28. Defendant breached its duty of care to Plaintiff and was negligent, as is more fully set forth above, which is incorporated herein by reference.

29. Defendant owed, Plaintiff, BERNET SPANOLIOS, the duty to exercise reasonable care and caution in properly maintaining, controlling the jetway, and warning passengers of the risks of injury.

Law Offices of
**Turner & Turner, P.C.**
1 Towne Square, #1700
Southfield, MI 48076

**(248) 355-1727**

4

30.  The Defendant had the duty to exercise due care for the rights and safety of persons exiting its plane.

31.  Defendant was negligent in the manner it allowed egress.

32.  Delta owed Plaintiff a duty to exercise reasonable care, including the heightened vigilance associated with common carriers transporting passengers.

33.  Notwithstanding the duties owed to Plaintiff and others similarly situated, and in addition to all of above, Defendant DELTA breached its duties to its invitee, Plaintiff, by:

(a)  creating and maintaining a dangerous and defective condition on and around the jet bridge where Defendant knew or should have known invitees would traverse;

(b)  failing to take precautionary and reasonable measures within a reasonable time to detect and correct the unsafe conditions of passengers exiting plane;

(c)  failing to recognize that the condition of the jetway in Plaintiff's walking area would not be observable to Plaintiff, and that it created a dangerous concealed/camouflaged condition;

(d)  failing to use due care;

(e)  failing to properly maintain/manage the jet bridge;

(f)  failing to provide adequate inspections of the jetway;

(g)  failing to provide persons, employees/workers to adequately remove and/or warn of dangerous and concealed conditions on the jet bridge;

(h)  failing to adequately inspect the jet bridge and supervise egress from the plane;

(i)  failing to take action to properly remove/manage the exiting passengers so they did not create dangerous conditions;

(j)  failing to employ sufficient employees/workers to inspect, remedy, and prevent the conditions causing Plaintiff's injuries;

(k)  failing to place warning signs/markers indicating that there was a break or other dangerous conditions on the jet bridge;

(l)  failing to adequately inspect/observe/manage the jet bridge, including the condition of the crowded area so as to ensure that egress was safe and free of dangers;

(m)  failing to warn invitees of the nature of the jet bridge and to have a sufficient number of Defendant's employees, agents, or servants available to assist/warn Plaintiff of the hazards and obstructions;

Law Offices of
**Turner & Turner, P.C.**

1 Towne Square, #1700
Southfield, MI 48076

**(248) 355-1727**

5

(n) failing to recognize that that the exiting passengers concealed the dangers of the jet bridge and imposed high risk of severe harm to Plaintiff and others;

(o) failing to recognize that the concealed condition of the jet bridge presented a substantial risk of serious injury to the Plaintiff;

(p) failing to recognize that the concealed condition of the jet bridge in Plaintiff's walking area gave rise to a unique likelihood of harm to the Plaintiff;

(q) failing to warn Plaintiff that the condition of the jet bridge in Plaintiff's walking area would not be observable;

(r) failing to warn the Plaintiff that the area was crowded and concealed and created a dangerous condition;

(s) failing to install warning signs, or signs in the area to warn exiting passengers of the uneven nature and dangerous condition of the jet bridge;

(t) negligently, carelessly, and recklessly failing to control/manage/warn the exiting passengers of the uneven jet bridge for passengers for egress;

(u) negligently, carelessly, and recklessly failing to hire, train, and/or supervise and/or instruct its employees and/or agents to ensure that the jet bridge was reasonably safe for egress and ingress; and

(v) committing other acts of negligence not yet known by Plaintiff but which will be ascertained during discovery in this litigation.

34. Defendant DELTA, in violation of the above duties and obligations, did herein fail to take proper actions and did breach each of the above duties, and as a direct and proximate result of the herein-stated breaches, Plaintiff, BERNET SPANOLIOS, fell on December 14, 2022, causing her to sustain the serious, grievous and permanent injuries more particularly stated hereinafter.

35. Plaintiff's injuries are a proximate result of the Defendant's negligent acts.

36. As a direct and proximate result of Defendant's negligence as described above, Plaintiff, BERNET SPANOLIOS, was caused to fall and sustain severe and permanent personal injuries and damages, including but not limited to: anterior inferior dislocation of the left humeral head; large Hill Sachs deformity; fracture of the greater trochanter, along with significant discomfort, permanent injury, pain, suffering, permanent serious disfigurement and scarring, mental anguish, distress, depression, mental anxiety, humiliation, and embarrassment.

Law Offices of
**Turner & Turner, P.C.**
1 Towne Square, #1700
Southfield, MI 48076
**(248) 355-1727**

37. That as a direct and proximate result of the Defendant's negligence and breach of duties, Plaintiff, BERNET SPANOLIOS, has been required to undergo, among other things, medical care and treatment, including surgery and hospitalizations, in order to alleviate and treat the injuries and damages she has sustained, in an attempt to restore her health, and she has been, and/or will/may in the future be, required to undergo further medical care and treatment, including but not limited to, medications, doctor/hospital visits, hospitalizations, radiological testing, physical therapy, home exercises, and further surgeries.

38. Defendant's negligence and breach of duties may aggravate physical and mental conditions not presently known, which could be permanent.

39. That as a direct and proximate result of the negligence and breach of duties as hereinbefore alleged, Plaintiff, BERNET SPANOLIOS, has suffered economic damages, including but not limited to, wage loss, loss of earning capacity, medical care, and attendant care and household services.

40. That due to the Defendant's negligence and breach of duties as hereinbefore alleged, Plaintiff, BERNET SPANOLIOS, is/was unable to enjoy good health and unable to enjoy the social and recreational activities which are normal for a person of her age group; and, in the future, her participation may be limited due to the permanency of her injuries and damages.

41. That at all times pertinent hereto, Defendant's agents, servants, and/or employees, were the apparent, ostensible, implied and/or express agents of and/or were employed by Defendant, DELTA, and were acting in the course and scope of said employment and/or agency when these acts of negligence, breach of duties, and/or gross negligence, hereinbefore and hereinafter set forth and described, were committed, thereby imposing vicarious liability upon Defendant, DELTA, by reason of the doctrine of respondeat superior/ostensible agency.

Law Offices of
**Turner & Turner, P.C.**

1 Towne Square, #1700
Southfield, MI 48076

**(248) 355-1727**

42. That at all times hereinbefore and hereinafter mentioned, the Defendant, its agents, servants, and/or employees, involved in Plaintiff's December 14, 2022 incident were expressly and/or impliedly held out to the public, and in particular to the Plaintiff, by Defendant, DELTA, as agents, servants, and/or employees of Defendant, and were acting in the course and scope of Defendant's authority, either actual or apparent, when these acts of negligence, breach of duties, and/or gross negligence, were committed, thereby imposing vicarious liability on Defendant by reason of the doctrine of respondeat superior.

43. Notwithstanding the duties of the Defendant to exercise reasonable care and caution in connection with events taking place at Defendant's jet bridge, the Defendant, its employees, servants, and/or agents, were negligent and/or actively negligent, in the following particulars:

(a) allowing passengers to disembark in an unsafe and incautious manner, which a reasonably careful person and/or business would have known not to do;

(b) allowing passengers to disembark without supervision and/or warning about the conditions of the jet bridge, which a reasonably careful person and/or business would have known to do;

(c) not warning passengers of the conditions of the jet bridge, which a reasonably careful person would have known to do;

(d) not supervising the exiting passengers, which a reasonably careful person would have known to do;

(e) allowing overcrowding on the jet bridge;

(f) not using appropriate signage for exiting passengers, which a reasonably careful person would have known to do;

(g) not operating egress of passengers in a safe and cautious manner by having an employee, servant, and/or agent standing in the jet bridge to advise Plaintiff and/or regulate traffic flow, which a reasonably careful person would have known to do; and

(h) committing other acts of negligence not yet known by Plaintiff but which will be ascertained during discovery in this litigation.

Law Offices of
**Turner & Turner, P.C.**

1 Towne Square, #1700
Southfield, MI 48076

**(248) 355-1727**

44. As a proximate, foreseeable result of the Defendant's wrongful actions, negligence, gross negligence, and/or breach of its duty of care to the Plaintiff, Plaintiff has suffered in the past, and will for the foreseeable future, suffer those damages set forth above.

WHEREFORE, Plaintiffs seek judgment against Defendant in whatever amount in excess of Twenty-Five Thousand ($25,000) Dollars as may be determined to be fair, just and equitable, together with interest, court costs and attorney fees and such other additional relief as the court deems warranted in the circumstances.

## COUNT II

45. Plaintiffs repeat and reallege each and every allegation contained in all paragraphs of this Complaint as though more fully set forth herein.

46. Defendant, DELTA, owed Plaintiff the duty to exercise reasonable care and caution in training and supervising its employees, agents, and/or servants, and to keep the jet bridge safe and secure for passengers/customers.

47. That at all times pertinent hereto, Defendant, DELTA, had the duty to provide Plaintiff and its passengers with the services of competent, qualified, safe, and cautious employees, and cautious service, and to use due care in its interactions with Plaintiff and other similarly situated persons, and Defendant breached said duties in the manner described above and below.

48. That at all times pertinent hereto, Defendant, DELTA, and by and through its duly authorized agents, servants, and/or employees, had the duty to use due care in the selection of agents/employees and in the supervising of such, and Defendant breached said duties in the manner described above and below.

49. Notwithstanding the duties of Defendant to exercise reasonable care and caution in connection with training and supervising of its agents, servants, and/or employees, and to keep the

Law Offices of
**Turner & Turner, P.C.**

1 Towne Square, #1700
Southfield, MI 48076

**(248) 355-1727**

9

jet bridge safe for its passengers, the Defendant, its agents, servants, and/or employees, breached its duties and were negligent, and/or grossly negligent, in the following particulars:

(a) failing to properly train its agents, servants, and/or employees;

(b) failing to properly supervise its agents, servants, and/or employees;

(c) failing to properly watch and observe its agents, servants, and/or employees;

(d) failing to take action to ascertain its agents', servants', and/or employees' mental and physical status in order to ensure that they were capable of properly and safely carrying out their job functions to prevent harm to passengers;

(e) failing to utilize proper guidelines, rules, and regulations by which its agents, servants, and/or employees would interact with passengers, and maintain egress that was safe for passengers;

(f) failing to establish, and/or carry out proper rules, manuals, protocols, and boarding bridge training for safe and cautious egress and proper safety instructions to the passengers;

(g) failing to implement and follow safe jet bridge site rules/regulations/guidelines, and boarding bridge rules;

(h) failing to promote a safe and secure environment for passengers;

(i) failing to properly train its agents, servants, and/or employees, including as to: how to supervise passengers exiting the plane; how to manage/control overcrowding in the jet bridge; how to control passengers crowded in the jet bridge; how to ensure appropriate caution/warning signs are visible to passengers in the jet bridge, in essence, how to provide for safe egress and ingress;

(j) other instances of negligence and/or gross negligence presently unknown to plaintiffs, which will be ascertained during the course of this litigation; and

(k) Plaintiffs hereby expressly reserves the right to amend these pleadings and allegations before trial of this cause, as required by information and knowledge obtained upon completion of discovery in this matter.

50. All of these hereinbefore and hereinafter described failures and/or actions constitutes negligence, and/or gross negligence, and/or breach of duties, as such failures demonstrate a lack of concern or total disregard for jet bridge safety procedures by Defendant, and demonstrate a lack of measures to ensure the safety of its passengers.

Law Offices of
**Turner & Turner, P.C.**
1 Towne Square, #1700
Southfield, MI 48076

**(248) 355-1727**

10

51. As a proximate, foreseeable result of the Defendant's breach of its duty of care to the Plaintiff, Plaintiff has in the past, and will for the foreseeable future, suffer those damages specifically set forth above, which are incorporated herein by reference.

WHEREFORE, Plaintiffs seek judgment against Defendant in whatever amount in excess of Twenty-Five Thousand ($25,000) Dollars as may be determined to be fair, just and equitable, together with interest, court costs and attorney fees and such other additional relief as the court deems warranted in the circumstances.

## COUNT III

52. Plaintiffs repeat and reallege each and every allegation contained in all paragraphs of this Complaint as though more fully set forth herein.

53. Plaintiff, BERNET SPANOLIOS's, injury is of a kind which does not ordinarily occur without negligence.

54. On or about December 14, 2022, Defendant had exclusive control and/or possession over the area where the Plaintiff's injury occurred.

55. Defendant caused and/or allowed Plaintiff, BERNET SPANOLIOS, to fall, causing her severe injuries.

56. The injury was not due to any voluntary action or contribution on the part of Plaintiff, BERNET SPANOLIOS.

57. Any possible explanation of why hazardous, injurious, and/or dangerous conditions, including the crowded jet bridge existed, thereby causing Plaintiff's injuries, would be accessible to the Defendant rather than to the Plaintiff.

58. Defendant was negligent in the manner set forth above.

59. Defendant's negligence was a proximate cause of Plaintiff, BERNET SPANOLIOS's, injuries as set forth above.

Law Offices of
**Turner & Turner, P.C.**
1 Towne Square, #1700
Southfield, MI 48076

**(248) 355-1727**

WHEREFORE, Plaintiffs seek judgment against the Defendant in whatever amount in excess of Twenty-Five Thousand ($25,000) Dollars as may be determined to be fair, just and equitable, together with interest, court costs and attorney fees and such other additional relief as the court deems warranted in the circumstances.

### COUNT IV

60. Plaintiffs repeat and reallege each and every allegation contained in all paragraphs of this Complaint as though more fully set forth herein.

61. That at all times pertinent hereto, Plaintiff, JAMES SPANOLIOS was, and still is, the husband of Plaintiff, BERNET SPANOLIOS.

62. As a proximate result of the Defendant's negligence as alleged above, Plaintiff, JAMES SPANOLIOS, has been deprived of the love, comfort, companionship, support, society, and services of his wife, BERNET SPANOLIOS.

WHEREFORE, Plaintiffs seek judgment against the Defendant in whatever amount in excess of Twenty-five Thousand ($25,000) Dollars as may be determined to be fair, just and equitable, together with interest, court costs and attorney fees and such other additional relief as the court deems warranted in the circumstances.

TURNER & TURNER, P.C.

By: /s/ Lee I. Turner
LEE I. TURNER (P21631)
Attorney for Plaintiff(s)
1 Towne Square, #1700
Southfield, MI 48076
Date: December 4, 2025 (248) 355-1727